**Arturo Cornejo NORIANUEVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71385.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2010.

Filed Oct. 19, 2010.

Tyler Alexander Baker, Esquire, Juan–Carlos Orellana, Elizabeth J. White, Esquire, Fenwick & West, LLP, Mountain View, CA, for Petitioner.

Andrea Gevas, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM *

We review the order of the Board of Immigration Appeals determining that Arturo Cornejo Norianueva is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B) and (C). Cornejo, an undocumented alien, signed a plea agreement in 2004 pleading guilty to knowing possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5). The Board concluded that Cornejo's 2004 conviction was (1) an aggravated felony and (2) a firearms offense, rendering Cornejo statutorily ineligible for cancellation of removal. 8 U.S.C. §§ 1229b(b)(1)(B) & (C); 1101(f)(8); 1227(a)(2).

Cornejo is statutorily ineligible for cancellation of removal because he has not been a person of "good moral character" during the 10 years immediately preceding his application. 8 U.S.C. § 1229b(1)(B). A person shall not be found to have good moral character if he has at any time been convicted of an aggravated felony. 8 U.S.C. § 1101(f)(8). Cornejo's 2004 conviction under 18 U.S.C. § 922(g)(5) qualifies as an aggravated felony. Under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), if every conviction under the statute of conviction is also a conviction for the purposes of the Immigration and Nationality Act, then the inquiry ends with the fact of conviction, which "perforce qualifies" as the INA offense. *Carlos–Blaza v. Holder*, 611 F.3d 583, 587 (9th Cir.2010). The INA includes in its definition of an aggravated felony "an offense described in … section 922(g)(1), (2), (3), (4), or (5) … of title 18 (relating to firearms offenses)." 8 U.S.C. § 1101(a)(43)(E)(ii). Cornejo was convicted under 18 U.S.C. § 922(g)(5); therefore, he was convicted of an aggravated felony

and is statutorily ineligible for cancellation of removal.

We therefore need not reach the alternative argument that Cornejo's conviction is also a firearms offense under the modified categorical approach.

**PETITION DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.